IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-02271-CMA-NRN

TIFFANY GRAYS,

    Plaintiff,

v.

GRANICUS, LLC,
JESSICA RICHEY, and
CHRIS DOWNARD,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING IN PART AND REJECTING IN PART THE RECOMMENDATION OF UNITED STATES MAGISTRATE N. REID NEUREITER**

---

This matter is before the Court on review of the Recommendation by United States Magistrate Judge N. Reid Neureiter ("Recommendation") (Doc. # 33), wherein he recommends that this Court grant Defendants Jessica Richey's, Chris Downard's, and Granicus, LLC's ("Defendant Granicus," and collectively "Defendants") Motions to Dismiss Plaintiff's Complaint. (Doc. ## 17, 20, 21.) Plaintiff Tiffany Grays timely objected to portions of Judge Neureiter's Recommendation. (Doc. # 34.) For the reasons set forth below, the Court affirms and adopts in part and rejects in part the Recommendation.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Magistrate Judge Neureiter's Recommendation provides a thorough recitation of the factual and procedural background of this case. The Recommendation is incorporated herein by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b), and the facts will be repeated only to the extent necessary to address Plaintiff's Objection.

Plaintiff is an information technology specialist with more than a decade of experience. (Doc. # 6-1 at ¶ 6.) Defendant Granicus hired Plaintiff on January 2, 2018, as a Product Owner, a position that the company described as being responsible for "gathering business requirements from cross-functional stakeholders, then guiding the vision of what needs to be built and conveying that vision to their agile team and business partners." (*Id*. at ¶¶ 1, 11.) Defendant Richey was Defendant Granicus's Program Manager and Plaintiff's direct supervisor. (*Id*. at ¶ 9.) Defendant Downard was the company's Director of Software Development but had no organizational authority over Plaintiff. (*Id.* at ¶ 10.)

On March 20, 2018, 77 days after Plaintiff started, Defendant Granicus terminated Plaintiff. (*Id.* at ¶ 78.) Plaintiff alleges that during her employment, she "encountered and endured many acts of disparate treatment sustained by and through the will of decisions of her direct boss, [Defendant] Richey." (*Id.* at ¶ 2.) More generally, Plaintiff contends that all Defendants "disparately impact the African-American community by employing hiring practices" that alienate African Americans and by "unfairly assess[ing] the performance" of African American employees. (*Id.*) According

to Plaintiff, only seven percent of Defendant Granicus's workforce was African American, and Defendant Granicus did not employ any other African Americans at or above her position level. (*Id.* at ¶ 12.) Plaintiff also alleges that "[c]ommunication issues where [sic] abundant in the company." (*Id.* at ¶ 86.) She contends that "[t]he fact that [her] communication issues were pointed out and used . . . to remove [her] from the company shows that [she] was being targeted and discriminated against." (*Id.*) She was "held to a higher standard than all other counterparts, whom were all Caucasian," Plaintiff states. (*Id.*)

After her termination, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") against Defendant Granicus, alleging retaliation and discrimination on the basis of color, race, and sex. (*Id.* at ¶ 7.) Plaintiff received a right to sue letter from the EEOC on June 2, 2018. (*Id.*)

Plaintiff soon thereafter initiated a lawsuit in Colorado state court (the "State Court Action") against Defendant Granicus and four employees of its human resources department,[1] asserting claims for declaratory relief as to the validity of an employee agreement, outrageous conduct, and breach of fiduciary duty. *See* (Doc. # 20-3.) The District Court for the City and County of Denver granted the defendants' motion to dismiss and dismissed the State Court Action in its entirety on August 5, 2018. (Doc. # 20-4.) Plaintiff attempted to appeal the state court's dismissal of the action to the Colorado Court of Appeals, but on January 14, 2019, the Colorado Court of Appeals

---

[1] The human resources department employees are not parties to the suit presently before this Court.

dismissed her appeal with prejudice due to Plaintiff's untimely filing of the appeal. *See* (Doc. # 35-2.)

Plaintiff initiated the instant litigation against Defendants Granicus, Richey, and Downward on August 31, 2018. (Doc. # 1.) She asserts nine claims against Defendants: (1) employment discrimination on the basis of race, color, and sex under Title VII, 42 U.S.C. §§ 2000e-2, 2000e-3; (2) conspiracy pursuant to 42 U.S.C. § 1985(3); (3) deprivation of equal rights on the basis of race and color pursuant to 42 U.S.C. § 1981; (4) wrongful termination; (5) outrageous conduct; (6) "breach of contract – promissory estoppel;" (7) blacklisting; (8) slander; and (9) breach of fiduciary duty. (Doc. # 6); *see* (Doc. # 6-1.) Plaintiff's Amended Complaint does not specify which claims she asserts against which Defendant(s).

Each Defendant separately filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), though the motions are very similar to one another and were prepared by the same counsel. (Doc. ## 17, 20, 21.) Defendant Richey filed her Motion to Dismiss on October 16, 2018, and assumed that Plaintiff asserts her claims for conspiracy pursuant to 42 U.S.C. § 1985(3), for promissory estoppel, and for breach of fiduciary duty against her (Defendant Richey) in her individual capacity. (Doc. # 17 at 2.) Defendant Downward filed his Motion to Dismiss on October 23, 2018, assuming that only Plaintiff's conspiracy claim under 42 U.S.C. § 1985(3) pertains to him. (Doc. # 20 at 2.) Defendant Granicus also filed a Motion to Dismiss on October 23, 2018, and responded to all claims except for the conspiracy claim under 42 U.S.C. § 1985(3) and the claim for "breach of contract – promissory

estoppel." (Doc. # 21 at 2 n.2.) This Court referred the Motions to Magistrate Judge Neureiter. (Doc. ## 18, 22.)

Magistrate Judge Neureiter heard argument on the Motions to Dismiss on November 20, 2018. (Doc. # 24.) He noted that Plaintiff had not timely filed responses to the Motions to Dismiss and ordered her to do so by November 27, 2018.[2] (*Id.*)

Plaintiff filed a Response to the Motions to Dismiss on November 27, 2018. (Doc. # 25.) Defendants filed a joint Reply on December 4, 2018 (Doc. # 26), and, with the Court's permission, *see* (Doc. # 31), Plaintiff filed a Surreply on December 14, 2018 (Doc. # 32).

Magistrate Judge Neureiter issued his Recommendation on December 26, 2018. (Doc. # 33.) At the outset, he observed that Plaintiff's Response provided little clarification about what claims she asserts against which Defendant(s), and he therefore "adopt[ed] Defendants' framing of the relevant claims." (*Id.* at 7.) He assumed that Plaintiff alleges the Section 1985 conspiracy, promissory estoppel, and breach of fiduciary duty claims against Defendant Richey; that Plaintiff alleges only the Section 1985 conspiracy claim against Defendant Downard; and that Plaintiff alleges the Title VII, Section 1981, wrongful termination, outrageous conduct, blacklisting, slander, and breach of fiduciary duty claims against Defendant Granicus.

---

[2] Pursuant to D.C.COLO.LCivR 7.1(d), a "responding party shall have 21 days after the date of service of a motion . . . in which to file a response." The latest-filed Motions to Dismiss were field on October 23, 2018. (Doc. ## 20–21.) Plaintiff's response to them, if any, was therefore due on or before November 13, 2018.

Turning to the merits of Defendants' Motions to Dismiss, Magistrate Judge Neureiter recommended:

i. Dismissal of the Title VII, 42 U.S.C. § 1981, wrongful termination, outrageous conduct, blacklisting, and slander claims against Defendant Granicus pursuant to the doctrine of claim preclusion (*id.* at 16);
ii. Dismissal of the conspiracy claim against Defendants Richey and Downward pursuant to Rule 12(b)(6) for failure to state a claim for relief (*id.* at 17);
iii. Dismissal of the promissory estoppel claim against Defendant Richey pursuant to Rule 12(b)(6) for failure to state a claim for relief (*id.* at 18) and;
iv. Dismissal of the breach of fiduciary duty claim against Defendant Richey pursuant to Rule 12(b)(6) for failure to state a claim for relief (*id.* at 20).

In sum, Magistrate Judge Neureiter recommended that the Court grant all Defendants' Motions to Dismiss and dismiss, in its entirety, Plaintiff's Complaint. (*Id.*)

Plaintiff timely filed her Objection on January 9, 2019. (Doc. # 34.) Defendants jointly responded to the Objection on January 23, 2019. (Doc. # 35.)

## II. APPLICABLE LEGAL PRINCIPLES

### A. REVIEW OF A MAGISTRATE JUDGE'S RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## B. REVIEW OF A *PRO SE* LITIGANT'S OBJECTION

Plaintiff proceeds *pro se*. The Court, therefore, reviews her pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## C. RULE 12(B)(6)

The Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The scope of the allegations may not be "so general that they encompass a wide swath of conduct, much of it innocent" or else the plaintiff has "'not nudged [his] claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). "The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009).

Normally, "[w]hen a party moves to dismiss under Rule 12(b)(6) and the district court relies upon material from outside the complaint, the court converts the motion to dismiss into a motion for summary judgment*." Burnham v. Humphrey Hospitality Reit Tr., Inc.*, 403 F.3d 709, 713 (10th Cir. 2005). Nevertheless, there is ample authority to look outside a complaint and consider a res judicata argument at the motion to dismiss stage, provided there are no disputed questions of material fact and all the documents necessary for the court's ruling can be judicially noticed. *See Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 51 (1st Cir. 2008); 18 Charles Alan Wright, et al., Fed. Prac. & Proc. Juris. § 4405 (2d ed. Apr. 2013).

### III. ANALYSIS

This Court addresses only Plaintiff's **specific** objections to the Recommendation. Here, Plaintiff concedes that she "**does not object to the Report and Recommendation overall** or its conclusion that Plaintiff failed to provide a more definitive statement." (Doc. # 34 at 1) (emphasis added). Although Plaintiff clearly rejects (1) Magistrate Judge Neureiter's and Defendants' assumptions regarding which claims she asserts against which Defendant(s) and (2) the Magistrate Judge's analysis of Defendant Granicus's claim preclusion defense, both discussed in greater detail below, Plaintiff only generally and vaguely objects to the Recommendation's assessment of the claims the Magistrate Judge assumed she asserts against Defendants Richey and Downard: conspiracy under 42 U.S.C. § 1985(3); promissory estoppel; and breach of fiduciary duty. *See generally* (*id.*)

"In the absence of timely objection, the district court may review a magistrate[] [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")). The Court concludes that "there is no clear error on the face of the record" in the Recommendation's analysis of the conspiracy, promissory estoppel, and breach of fiduciary duty claims against Defendants Richey and Downard. *See* (Doc. # 33 at 16–20); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that

there is no clear error on the face of the record in order to accept the recommendation"). The Court therefore affirms Magistrate Judge Neureiter's recommendation that the Court **dismiss these three claims—conspiracy pursuant to Section 1985, promissory estoppel, and breach of fiduciary duty—against Defendants Richey and Downard pursuant to Rule 12(b)(6)**.

Thus, this Court's *de novo* review focuses on: (1) the claims Plaintiff contends that she alleges against Defendants that Defendants and the Magistrate Judge did not address, and (2) Defendant Granicus's argument and the Magistrate Judge's conclusion that Plaintiff's claims of violation of Title VII; violation of Section 1981; wrongful termination; outrageous conduct; blacklisting; and slander are precluded by res judicata.

### A. CLAIMS AGAINST DEFENDANTS RICHEY AND DOWNARD UNADDRESSED BY DEFENDANTS AND THE MAGISTRATE JUDGE

As the Court explained above, Defendants and the Magistrate Judge assumed that Plaintiff brings claims only for conspiracy under Section 1985, promissory estoppel, and breach of fiduciary duty against Defendant Richey and brings only a claim for conspiracy under Section 1985 against Defendant Downard. *See* (Doc. # 17 at 2; Doc. # 20 at 2; Doc. # 33 at 7.) Magistrate Judge Neureiter recommended that the Court dismiss these claims for failure to state a claim for relief under Rule 12(b)(6). (Doc. # 33 at 16–20.) The Court affirmed this Recommendation in the preceding subsection of this Order because Plaintiff did not specifically object to it and the Court found no clear error in it.

However, Plaintiff objects to Defendants' and the Magistrate Judge's assumptions regarding which claims she asserts against which Defendant(s). (Doc.

10

# 34 at 4–6.) First, Plaintiff states that she asserts the following[3] against Defendant Richey: claims for violation of Title VII, violation of Section 1981; wrongful termination; blacklisting; and slander. *See* (*id.*) Second, she states that she asserts the following[4] against Defendant Downard: violation of Title VII; violation of Section 1981; blacklisting; slander; and breach of fiduciary duty. *See* (*id.*)

Though the Court agrees with the Magistrate Judge and Defendants that Plaintiff's Complaint does not clearly indicate that she asserts these claims against Defendants Richey and Downard, the Court holds her Complaint "to a less stringent standard than those drafted by attorneys." *Trackwell*, 472 F.3d at 1243. The Court rejects the Recommendation to the extent that it did not consider whether Plaintiff alleges these claims against Defendants Richey and Downard, and exercises its discretion to grant Plaintiff leave to file a second amended complaint to assert with particularity these claims against Defendants Richey and Downard.

**B.    CLAIMS AGAINST GRANICUS**

Defendants moved for the dismissal of Plaintiff's Complaint in its in entirety on the basis of res judicata, asserting that Plaintiff seeks to relitigate issues that were or could have been litigated in the State Court Action. *E.g.*, (Doc. # 17 at 6–8.) Magistrate Judge Neureiter agreed and recommended that Plaintiff's claims for violation of Title VII; violation of Section 1981; wrongful termination; outrageous conduct; blacklisting; and slander as alleged against Defendant Granicus be dismissed pursuant to the doctrine of

---

[3] These are in addition to the three claims for conspiracy, promissory estoppel, and breach of fiduciary duty that this Court has already dismissed pursuant to Rule 12(b)(6).
[4] These are in addition to the claim for conspiracy that this Court has already dismissed pursuant to Rule 12(b)(6).

res judicata. (Doc. # 33 at 16.) Magistrate Judge Neureiter did not address Plaintiff's claims of conspiracy, promissory estoppel, and breach of fiduciary duty as to Defendant Granicus.

Plaintiff asserts three main objections to the Recommendation. First, Plaintiff argues that res judicata is inapplicable because she "held the right . . . to file in Federal district court" a Title VII action within 90 days of receiving the right to sue letter from the EEOC. (Doc. # 34 at 6–10.) Second, she argues that two of the four elements of res judicata are absent. (*Id*. at 10–14.) Third, Plaintiff asserts that she brings all claims against Defendant Granicus, not only the claims Magistrate Judge Neureiter analyzed. (*Id.* at 5.) The Court will address each argument in turn.

    1.    <u>Principles of Res Judicata/Claim Preclusion</u>

"Res judicata, or claim preclusion, precludes a party or its privies from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits." *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997) (citing *Lowell Staats Mining Co., Inc. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1274 (10th Cir. 1989)). The doctrine is intended "to relieved parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication." *Satsky v. Paramount Commcn's, Inc.*, 7 F.3d 1464, 1468 (10th Cir. 1993) (citing *N. Nat. Gas v. Grounds*, 931 F.2d 678, 681 (10th Cir. 1991)).

A claim is barred under res judicata if four elements are met: (1) a final judgment on the merits in the prior suit; (2) the prior suit involved the same parties or their privies;

(3) identity of the cause of action in both suits; and (4) a full and fair opportunity to litigate the claim in the prior suit. *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000) (quoting *Nwosun v. Gen. Mills Rest., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997)).

    2.    <u>Title VII Claims Are Not Immune from Res Judicata</u>

Plaintiff asserts a claim of employment discrimination under Title VII, alleging that Defendant Granicus discriminated against her on the basis of race, color, and sex and subjected her to "different terms and conditions of employment," retaliated against her, and terminated her.[5] (Doc. # 6 at 3); *see* (Doc. # 6-1 at 20–26.) As the Court stated above, Magistrate Judge Neureiter recommended that the Court dismiss Plaintiff's Title VII claim against Defendant Granicus "pursuant to the doctrine of claim preclusion." (Doc. # 33 at 16.)

Plaintiff first objects to the Recommendation on the grounds that claim preclusion is inapplicable to her Title VII claim because she "holds a separate and distinguishable right . . . to file her discrimination claims" for 90 days after "she receives the right to sue" from the EEOC. (Doc. # 34 at ¶ 13.) She asserts that her right to file such discrimination claims is "given through . . . [29 C.F.R. § 1601.19(a)]"[6] and that to deny her such an

---

[5] Briefly, "Title VII prohibits all discrimination in employment based upon race, sex, and national origin," *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259 (1981), as well as such discrimination based on religion or sex, 42 U.S.C. §§ 2000e-2(a).

[6] This regulation establishes the procedure following the filing of a charge with the EEOC. Specifically:
> Where the Commission completes its investigation of a charge and finds that there is not reasonable cause to believe that an unlawful employment practice has occurred or is occurring as to all issues addressed in the determination, the Commission shall issue a letter of determination to all parties to the charge indicating the finding. The Commission's letter of determination shall be the final determination of the Commission. **The letter of determination shall inform the person claiming to be aggrieved or the person on whose behalf a charge was**

opportunity would violate her First Amendment rights and the greater interests of justice. (*Id.* at ¶¶ 17, 13.) In short, Plaintiff argues that her "right" to file a Title VII discrimination trumps the doctrine of claim preclusion. *See generally* (*id.*)

Plaintiff's argument fails to persuade the Court. The Court of Appeals for the Tenth Circuit and "[a] number of circuit courts" have rejected Plaintiff's argument. *See Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 506 (10th Cir. 2002) (collecting cases). In *Wilkes*, the Tenth Circuit cited approvingly the Court of Appeals for the Second Circuit's reasoning in *Woods v. Dunlop Tire Corp.*, 972 F.2d 36 (2d Cir. 1992), wherein the Second Circuit concluded that the plaintiff's Title VII claim was "not exempt from the bar of res judicata" where a court had granted summary judgment in favor of the plaintiff's former employer in a previous suit, the EEOC thereafter issued the plaintiff a right to sue letter, and the plaintiff then asserted a second suit against her former employer, this time adding a Title VII claim. *Id.* at 41.

Applying the Second Circuit's reasoning in *Woods,* the Tenth Circuit in *Wilkes* rejected the plaintiff's argument that "claim preclusion should not bar her second suit [against her former employer] because she was statutorily prohibited from bringing her Title VII claim until she received her right-to-sue letter from the EEOC." *Wilkes*, 314 F.3d at 505–06. The Tenth Circuit held that the plaintiff's "Title VII claim is barred by the doctrine of claim preclusion." *Id.* at 506 (citing *Herrmann v. Cencom Cable Assoc., Inc.*,

---

**filed of the right to sue in Federal district court within 90 days of receipt of the letter of determination**.
29 C.F.R. § 1601.19(a) (emphasis added).

999 F.2d 223, 225 (10th Cir. 1993) ("Parties to Title VII actions enjoy no immunity from res judicata")).

Plaintiff's argument in the instant case that claim preclusion does not apply to her Title VII claim is contrary to the Tenth Circuit's precedent. The Tenth Circuit is clear that "Plaintiffs to **Title VII actions enjoy no immunity from res judicata**." *Herrmann*, 999 F.2d at 225 (emphasis added). The Court therefore rejects Plaintiff's Objection to the extent she argues that the defense of claim preclusion does not apply to her Title VII claim.

3. <u>Whether Plaintiff's Claims Meet All Elements of Claim Preclusion with Respect to Her Claims against Defendant Granicus</u>

The Recommendation concluded that Plaintiff's claims for violation of Title VII; violation of Section 1981; wrongful termination; outrageous conduct; blacklisting; and slander as alleged against Defendant Granicus are barred by claim preclusion. (Doc. # 33 at 16.) To arrive that this conclusion, Magistrate Judge Neureiter assessed each of the four elements necessary for claim preclusion and found that all four were satisfied with respect to Defendant Granicus. (*Id*. at 10–16); *see Plotner*, 224 F.3d at 1168.

Plaintiff's second objection is that "[t]wo of the four required elements" of claim preclusion "are absent"—the second element, identity of the parties, and the third element, identity of the cause of action. (Doc. # 34 at 10–14.) Plaintiff does not object to Magistrate Judge Neureiter's determinations that the first and fourth elements of claim preclusion are satisfied with respect to her claims against Defendant Granicus. Seeing no clear error in Magistrate Judge Neureiter's analysis of the first and fourth elements, the Court affirms and adopts that analysis. *See* (Doc. # 33 at 10–11, 15–16); *see also*

15

Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. The Court therefore limits its *de novo* review to the second and third elements.

      a.     Second Element

Claim preclusion "is applicable only to parties to the first suit or their privies." *Satsky*, 7 F.3d at 1468.

In the matter presently before the Court, the second element of claim preclusion is satisfied with respect to the claims against Defendant Granicus. It is undisputed that Defendant Granicus was a defendant in the State Court Action. *See* (Doc. # 20-3.)

Plaintiff correctly argues that Defendants Richey and Downard were not parties to the State Court Action, *see* (Doc. # 34 at 13–14). However, she fails to recognize that the Magistrate Judge determined that claim preclusion bars only the claims against Defendant Granicus. Magistrate Judge Neureiter concluded that claim preclusion does **not** bar Plaintiff's claims against Defendants Richey and Downard because they "cannot be said, as a matter of law, to be in privity with [Defendant] Granicus," nor were they parties to the State Court Action. (Doc. # 33 at 12–13.) The Court therefore rejects Plaintiff's argument about the second element of claim preclusion.

      b.     Third Element

The third element of a claim preclusion defense is that the second "suit must be based on the same cause of action" as the previous suit. *Plotner*, 224 F.3d at 1168.

Claims do not need to be identical to satisfy the third element of claim preclusion. To determine what constitutes a cause of action for preclusion purposes, the Tenth Circuit has adopted the "transactional approach" found in the Restatement (Second) of

Judgments § 24. *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 832 (10th Cir. 2005) (citing *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir. 1988)). "Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction." *Id.* Furthermore, "[this Circuit] repeatedly has held that 'all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes.'" *Wilkes*, 314 F.3d at 504 (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000)). A court should examine if "the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999) (quoting Restatement (Second) of Judgments § 24). Notably, claim preclusion "bars claims to enforce remedies which the plaintiff could have, but did not, seek in the former action." *Benson v. Town of Nunn*, 52 F. Supp. 2d 1210, 1213 (D. Colo. 1999) (citing *Wilkinson v. Pitkin Cty. Bd. of Cty. Comm'rs*, 142 F.3d 1319, 1322 (10th Cir. 1998)).

The third element is satisfied in the instant matter because all of Plaintiff's claims against Defendant Granicus arise out of the same transaction as the State Court Action—specifically, Plaintiff's employment relationship with Defendant Granicus. *See Wilkes*, 314 F.3d at 504. Plaintiff argues that the State Court Action only focused on a dispute with Defendant Granicus's human resources employees which, she contends, constituted "a separate transaction." (Doc. # 34 at 11.) The Court disagrees. Plaintiff's Complaint in the State Court Action contained an outrageous conduct claim functionally

identical to the one she asserts in this action, *see* (Doc. # 20-3), and Plaintiff's other claims against Defendant Granicus in this action could have been brought in the State Court Action. At base, all the claims in the State Court Action and the litigation presently before this Court arise from Plaintiff's employment relationship with Defendant Granicus. The Court concludes that the third element of a claim preclusion defense is satisfied.

The Court finds that all elements of claim preclusion are met as to the claims against Defendant Granicus that the Recommendation addressed. As such, the Court affirms and adopts the Recommendation to the extent that it recommends dismissing, as barred by claim preclusion, Plaintiff's claims against Defendant Granicus for violation Title VII, violation Section 1981, wrongful termination, outrageous conduct, blacklisting, and slander. *See* (Doc. # 33 at 16.)

4. <u>Plaintiff's Claims Against Defendant Granicus that the Recommendation Did Not Address</u>

Plaintiff states that she brings "all claims" against Defendant Granicus. (Doc. # 34 at 4–5.) Magistrate Judge Neureiter assumed otherwise and thus did not address Plaintiff's claims for conspiracy under Section 1985, promissory estoppel, and breach of fiduciary duty as to Defendant Granicus. *See* (Doc. # 33 at 16.) As it did with respect to claims against Defendants Richey and Downard in Section III(A), the Court rejects the Recommendation to the extent it assumed Plaintiff does not bring her claims for conspiracy under Section 1985, promissory estoppel, and breach of fiduciary duty, and the Court exercises its discretion to grant Plaintiff leave to file a second amended complaint to assert with particularity these three claims against Defendant Granicus.

18

# IV. CONLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's Objection (Doc. # 34) to the Recommendation is GRANTED IN PART and OVERRULED IN PART;

2. The Recommendation (Doc. # 33) of Magistrate Judge Neureiter is AFFIRMED AND ADOPTED IN PART and REJECTED IN PART as an Order of this Court;

3. Defendants' Motions to Dismiss Plaintiff's Complaint (Doc. ## 17, 20, 21) are GRANTED IN PART. The following claims are DISMISSED:

    a. Plaintiff's claims Defendants Richey and Downard for conspiracy pursuant to Section 1985; promissory estoppel; and breach of fiduciary duty; and

    b. Plaintiff's claims against Defendant Granicus for violation Title VII; violation Section 1981; wrongful termination; outrageous conduct, blacklisting; and slander;

4. Plaintiff shall have fourteen (14) days from the date of this Order to file a second amended complaint alleging with particularly the claims the Recommendation did not address:

    a. Claims against Defendant Richey for violation of Title VII; violation of Section 1981; wrongful termination; blacklisting; and slander;

    b. Claims against Defendant Downard for violation of Title VII; violation of Section 1981; blacklisting; slander; and breach of fiduciary duty; and

   c. Claims against Defendant Granicus for violation of Section 1985; promissory estoppel; and breach of fiduciary duty

Failure to timely file a second amended complaint addressing these claims will result in the dismissal of Plaintiff's action.

DATED: April 18, 2019

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge