**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-02271-CMA-NRN

TIFFANY GRAYS, *pro se*,

    Plaintiff,
v.

GRANICUS, INC.,
JESSICA RICHEY, and
CHRIS DOWNARD,

    Defendants.

---

**DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE NEUREITER'S REPORT AND RECOMMENDATION**

---

Defendants Granicus, LLC ("Granicus"), Jessica Richey ("Richey"), and Chris Downard ("Downard") (collectively, "Defendants") by and through undersigned counsel, respectfully submit this brief in support of their Objections to Magistrate Judge Neureiter's Report and Recommendation.

## INTRODUCTION

With one exception, the Report and Recommendation (the "R&R") recommended that all Plaintiff's claims against Granicus, Downard, and Richey as outlined in her Second Amended Complaint (the "SAC") be dismissed. The exception was Plaintiff's 42 U.S.C. § 1981 claim against Defendant Richey, which the Court recommended be sustained on the basis that Plaintiff alleged a plausible claim against Richey. Defendants object only to the portion of Magistrate Judge Neureiter's R&R which recommended that Plaintiff's Section 1981 claim against Richey be allowed to proceed.

In reaching its conclusion that Plaintiff had alleged plausible discrimination against Defendant Richey, the Court failed to identify allegations related to Richey that

support a Section 1981 claim and failed to identify similarly-situated individuals who were allegedly treated more favorably by Richey than Plaintiff was. Plaintiff's SAC does not contain sufficient facts to support intentional discrimination against Richey, and therefore, her Section 1981 claim should be dismissed for failure to state a claim.

## FACTUAL BACKGROUND

The facts of this case have already been set out in detail in the multiple briefings previously filed with this Court and in the R&R. *See* Dkt. 17 at 3-5; Dkt. 20 at 3-9; Dkt. 33 at 2-5; Dkt. 36 at 2-6; R&R at 2-5.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may make specific written objections to a magistrate judge's proposed findings and recommendations. The district judge must then determine de novo any part of the magistrate judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678.

Although courts will construe a *pro se* plaintiff's pleadings liberally, they "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). A court may not assume that a plaintiff can prove facts that have not been alleged, or that

a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983). Plaintiff's *pro se* status does not entitle her to application of different rules. *See Montoya v. Chao,* 296 F.3d 952, 957 (10th Cir. 2002).

## ARGUMENT

**A.  Plaintiff Has Not Alleged Plausible Facts Supporting Discrimination by Richey.**

To establish a prima facie case of discrimination under Section 1981, Plaintiff must allege the following: (1) membership in a protected class; (2) an adverse employment action; and (3) such action was based upon the plaintiff's race, which can include demonstrating disparate treatment among similarly-situated employees. *See Townsend-Johnson v. Cleveland*, 494 F. App'x 833, 836-37 (10th Cir. 2012). To make such a claim against Richey individually, Plaintiff must also allege that *Richey* "intentionally or purposefully discriminated against her" and was personally involved in the discriminatory conduct. *Reynolds v. Sch. Dist. No. 1*, Denver, Colo., 69 F.3d 1523, 1532 (10th Cir. 1995); *Flores v. City and Cty. of Denver*, 30 F. App'x. 816, 819 (10th Cir. 2002).  "A claim seeking personal liability under section 1981 must be predicated on the actor's personal involvement." *Allen v. Denver Pub. Sch. Bd.*, 928 F.2d 978, 983 (10th Cir. 1991) (overruled on other grounds).  Plaintiff's SAC fails to allege any facts that plausibly show discrimination by Richey and should be dismissed.

    **I.  Plaintiff Has Not Alleged Richey Engaged In Intentionally Discriminatory Behavior.**

In his R&R, Magistrate Judge Neureiter focused, as do Defendants, on the third prong of Plaintiff's prima facie case of discrimination—whether she had sufficiently alleged her termination was based on her race such that it showed purposeful or

intentional discrimination. Yet, there is very little focus in the R&R on whether the allegations are sufficient to show that *Richey* purposefully or intentionally discriminated against Plaintiff by her own personal actions. It is not sufficient for Plaintiff to allege someone, or even Granicus generally, engaged in purposeful or intentional discrimination. Rather, Plaintiff must allege sufficient facts to support that Richey engaged in conduct violating Section 1981. *See*, *Allen*, 928 F.3d at 983; *Perry v. Woodward*, 199 F.3d 1126, 1134-35 (finding no evidence of discrimination when there was no connection between the supervisor's alleged action and a termination allegedly motivated by racial discrimination).

The R&R lists ten allegations out of Plaintiff's twenty-six-page SAC which allegedly showed discriminatory treatment against Plaintiff by Richey. R&R at 20-22. However, four of these allegations do not even mention Richey by name. In fact, two of the allegations are conclusory allegations that *Defendants* treated white similarly-situated employees more favorably. *See Id.* at 20-22 (citing SAC ¶¶, 26, 28). Others do not demonstrate any action by Richey whatsoever. *See e.g., Id.* at 20 ("Plaintiff had superior skills and substantially more experience than white similarly-situated Product Owners and Defendant Richey." (quoting SAC ¶ 27)).

As the Court pointed out, "[i]n analyzing the sufficiency of Ms. Grays's SAC, the Court need accept as true only Ms. Grays' well-pleaded factual contentions, not her conclusory allegations." *Id.* at 22-23 (citing *Dunn,* 880 F.2d at 1190). Nevertheless, the Court concluded that Plaintiff had done enough to plausibly allege discrimination because:

- She identified at least one white male, Matt McFarland, who was allowed to keep his job while Plaintiff was terminated;
- She said she was told her deficiencies were related to communication issues but alleged there were systemic issues within the department (populated mostly by white men) which were overlooked;
- She alleged that within two weeks of starting her job there were numerous complaints against her by white men and Richey told her she was "not fitting into the culture."

R&R at 23.

Defendants disagree that these allegations support a plausible claim of discrimination against Richey. In particular, Plaintiff has not alleged with respect to any points above that Richey engaged in any conduct that resulted in disparate treatment of Plaintiff and other white employees. For instance, with respect to the first two points above, there are no allegations that Richey held the power to fire McFarland, or other "white men" within the department, but chose not to, even in the face of similar communication issues.

The third point also fails to support any discriminatory treatment by Richey. Plaintiff alleges that *white males* made complaints about her *to* Richey. This allegation has nothing to do with discriminatory treatment *by* Richey. In fact, just the opposite is true. Richey receiving multiple complaints about Plaintiff does nothing to support the allegation that Richey was motivated by racial discrimination to terminate Plaintiff's employment, and is an additional factor distinguishing Plaintiff from others she alleges are similarly situated.

5

Finally, the allegation that Richey told Plaintiff she was not fitting into the culture at least relates to Richey; however, this stray remark does not support any inference of intentional discrimination and says nothing about Plaintiff's race. *Cf. Salemi v. Colo. Pub. Employees' Ret. Ass'n.*, 176 F. Supp. 3d 1132, 1147 (D. Colo. 2016) (holding that comments made by defendant supervisors about plaintiff's closed body language and quiet nature and question about what women in Iran would do were insufficient to support a claim of intentional discrimination). The R&R interpreted this statement as code for not conforming to white expectations, R&R at 23 (quoting SAC ¶ 39), but this interpretation is not supported by the SAC and was not part of an argument made by Plaintiff in her Response to Defendants' Motion to Dismiss (nor is it an argument she has ever made). Plaintiff cited the paragraph containing this allegation once in her Response and never extrapolated on any hidden meaning she thought it contained. *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."). In fact, the entirety of Plaintiff's argument on her Section 1981 claim was the conclusory statement that she had established pretext, a prima facie case, and had "properly stated facts upon which this claim can sustain." Dkt. 51 at 8.

Furthermore, even if there was a basis to interpret "not fitting into the culture" as some sort of racial statement by Richey that was in some way connected to Plaintiff's termination, Plaintiff does not allege any facts sufficient to create a plausible causal connection between the two actions. The statement was allegedly made in January 2018 during Plaintiff's second week of employment. SAC ¶ 39. Plaintiff's employment was not terminated until March 20, 2018. *Id.* ¶ 1. The two-month time gap between the

statement and Plaintiff's termination negates any inference of discrimination. *See Angell v. Fairmont Fire Prot. Dist.*, 907 F. Supp. 2d 1242, 1252-53 (D. Colo. 2012) (comment made at least one month prior to plaintiff's termination was a stray remark that did not constitute evidence of discrimination); *see also Antonio v. Sygma Network, Inc.*, 458 F. 3d 1177, 1184 (10th Cir. 2006) (finding comment to be a stray remark when temporally remote from termination).

Plaintiff has not alleged facts sufficient to establish Richey was personally involved in any intentionally discriminatory treatment of Plaintiff, and therefore, Plaintiff's Section 1981 claim against Richey must be dismissed.

## II. Plaintiff Has Not Alleged Similarly-Situated Employees Were Treated More Favorably By Richey.

Defendants also oppose the Court's conclusion in the R&R that Plaintiff has identified similarly-situated employees who were treated more favorably by Richey than she was. As discussed above, the SAC does not specifically address how Richey allegedly was involved in treating any employees more favorably than Plaintiff. Moreover, nothing in the SAC establishes that there were any similarly-situated employees to which Plaintiff could compare herself.

The Tenth Circuit has defined similarly-situated to mean employees "who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir. 1997). The Tenth Circuit has also noted that "[a] court should also compare the relevant employment circumstances, such as work history and company policies, applicable to the plaintiff and the intended comparable employees." *Id.* The same supervisor is especially relevant in determining whether employees are similarly-situated because

"[d]ifferent supervisors will inevitably react differently" to employee actions. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1233 (10th Cir. 2004).

### a. Plaintiff Has Not Alleged McFarland Was Similarly-Situated To Her.

Plaintiff's SAC does not establish that she and McFarland were similarly-situated such that any alleged dissimilar treatment between the two could support a plausible claim of intentional discrimination against Richey. Instead, Plaintiff's SAC establishes that she and McFarland had different job titles, reported to different supervisors, and were employed by Granicus for differing lengths of time. Plaintiff was a Product Owner; McFarland was a Product Manager Lead – a title more akin to Richey's position of Program Manager. *Compare* SAC ¶ 19 *with* SAC ¶ 38 *and* Ex. 4 at 3.[1] Plaintiff reported to Richey; McFarland reported to a different Granicus employee, Amanda Pufall-Nowak – a Director level employee at Granicus. *Compare Id.* ¶ 11 *with id.* Ex. 4 at 3. Plaintiff was a new hire, with no work history at Granicus; McFarland was not new and had an established reputation. *Compare Id.* ¶ 19 *with id.* ¶ 43. That Richey reacted differently to Plaintiff's communication issues during Plaintiff's first two months of employment than McFarland's supervisor reacted to the alleged communication issues of an established employee says nothing about the plausibility of Plaintiff's discrimination claim against Richey.

### b. Plaintiff Has Not Alleged Other Team Members Were Treated More Favorably By Richey.

---

[1] Plaintiff attached nine exhibits to her original Complaint. *See* Dkt. 1-1. Plaintiff cited these exhibits in her SAC but did not refile the exhibits. Defendants' references in this Motion to Exhibits 4 and 9 are to Dkt. 1-1. The Court may consider Plaintiff's attached exhibits in ruling on a motion to dismiss. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").

Similarly, Plaintiff's vague references to differential treatment of "white male counterparts" are insufficient to support her claim of discrimination against Richey; Plaintiff does not plausibly allege that these white employees were similarly-situated. First, unlike McFarland, who Plaintiff at least names, Plaintiff does nothing to identify who these other comparators are. She simply calls them "white males," "white male counterparts," or, at her most descriptive (but least relevant to her Section 1981 race discrimination claims) "similarly situated Product Owners and/or men within the Product Department." *See* SAC ¶¶ 28, 33, 36. It is unclear from the SAC what or who the "Product Department" refers to. And, again, Plaintiff does not allege that these unnamed employees were supervised by *Richey* or that *Richey* had the authority to discipline them. In fact, Plaintiff does not allege (and the Granicus organization chart does not demonstrate) that Richey had authority over any white males—it appears that (and again, Defendants and the Court are left to assume because there are no allegations in the SAC) Richey's subordinates included two women and one Hispanic male. *See* SAC Ex. 4 at 3. Finally, there is no allegation that the communication issues Plaintiff alleges she was told she had were the same as the communication issues that these other white males allegedly had.[2] *Cf. McGowan v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006) ("[E]ven employees who are similarly situated must have been disciplined for conduct of "comparable seriousness" in order for their disparate treatment to be relevant.").

---

[2] Indeed, the SAC establishes that Richey had concerns regarding Plaintiff's job performance that went above and beyond communication issues. *See* SAC Ex. 9. There is no allegation that McFarland or any other employee was also deficient in these additional areas.

In sum, Plaintiff has alleged no facts that support a plausible claim of discrimination against Richey. She does not allege any facts that tie her termination by Richey to any alleged discriminatory motive, including not identifying any similarly-situated employees who were treated more favorably by Richey, not alleging any discriminatory remarks by Richey, and not alleging Richey replaced Plaintiff with anyone, let alone a non-white employee. In contrast, the SAC establishes that Richey hired and fired Plaintiff within Plaintiff's 90-day review period, had concerns about Plaintiff's communication style and job performance, and had received multiple complaints about Plaintiff from other employees. *See Antonio*, 458 F.3d at 1183 (holding that evidence that employee was hired and fired by same person within a relatively short time span gives rise to an inference that no discriminatory animus motivated the employer's actions). Because none of Plaintiff's allegations state a plausible claim that Richey's termination of Plaintiff's employment was based on Plaintiff's race, Plaintiff's Section 1981 claim must fail.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court reject the Magistrate Judge's recommendation that Plaintiff's Section 1981 claim against Richey proceed, adopt the recommendation that all other claims be dismissed, and dismiss all Plaintiff's claims against all Defendants with prejudice.

*s/ Nicole A. Truso*
Sarah Kellner, #38111
FAEGRE BAKER DANIELS LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: 303.607.3500
Email: sara.kellner@FaegreBD.com

and

Nicole A. Truso, MN # 0390293
Admitted to Colorado Bar
FAEGRE BAKER DANIELS LLP
90 S. 7th Street, Ste. 2200
Minneapolis, MN  55402-3901
Telephone:  612.766.7000
Email:  nicole.truso@FaegreBD.com

*Attorneys for Defendants Granicus Inc., Jessica Richey, and Chris Downard*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 8th day of November, 2019, I electronically filed the foregoing **DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to Plaintiff Tiffany Grays, *pro se,* at the following email address:

      Tiffany Grays
legalgrays@gmail.com
P. O. Box 472322
Aurora, CO  80047-2322

      *s/* Nicole A. Truso
Nicole A. Truso, MN # 0390293
Admitted to Colorado Bar
FAEGRE BAKER DANIELS LLP
90 S. 7th Street, Ste. 2200
Minneapolis, MN  55402-3901
Telephone:  612.766.7000
Email:  nicole.truso@FaegreBD.com