IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-02271-CMA-NRN

TIFFANY GRAYS,

    Plaintiff,

v.

GRANICUS, LLC,
JESSICA RICHEY, and
CHRIS DOWNARD,

    Defendants.

---

**ORDER AFFIRMING IN PART AND REJECTING IN PART THE OCTOBER 25, 2019 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Recommendation (Doc. # 56) of United States Magistrate Judge N. Reid Neureiter, wherein he recommends that this Court grant in part and deny in part Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 48). Plaintiff and Defendants filed Objections (Doc. ## 57, 58) to certain portions of the Recommendation. For the following reasons, the Court adopts Magistrate Judge Neureiter's Recommendation in part and grants Defendants' Motion to Dismiss.

    I.    **BACKGROUND**

The Magistrate Judge's Recommendation provides a recitation of the factual and procedural background of this dispute and is incorporated herein by reference. *See* 28

U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Additionally, the Court recounted the facts of this case in its first Order on Defendant's Motions to Dismiss. (Doc. # 36 at 2–6.) Therefore, this Order will reiterate only what is necessary to address the parties' objections.

This is an employment discrimination case. Plaintiff was employed with Defendant Granicus LLC ("Granicus") in its Information Technology department for approximately two months in 2018. (Doc. # 46 at 3.) Defendant Jessica Richey was Plaintiff's supervisor, and Defendant Chris Downard was the Director of Software Engineering at Granicus. (*Id.*) Defendant Downard did not have organizational authority over Plaintiff.

Plaintiff alleges that, as the only African American woman hired at her position within the company for the last three years, she experienced acts of discrimination due to her race, color, and gender. In her Second Amended Complaint, Plaintiff raises thirteen discrimination-related claims against Defendants, all of which pertain to her employment at Granicus.

Plaintiff's employment was terminated on March 20, 2018. On May 17, 2018, Plaintiff filed a charge with the Equal Employment Opportunity Commission against Granicus alleging retaliation and discrimination. (Doc. # 1 at 14) (Plaintiff's Initial Complaint). The EEOC dismissed that charge, and Plaintiff received notice of the dismissal and right to sue on June 2, 2018. (*Id.*) One month later, on July 3, 2018, Plaintiff filed a complaint in Colorado state court ("State Court Action") against Granicus

and several employees from its Human Resources ("HR") department. (Doc. # 20 at 8; Doc. # 20-3.)

In the State Court Action, Plaintiff sought declaratory relief regarding an Employee Rights and Covenants Agreement ("ERCA") that she executed during her employment at Granicus. (Doc. # 20-3) (Plaintiff's Amended State Court Complaint). She asserted that the HR employees failed to properly execute the ERCA and that the agreement was not valid. Although Plaintiff did not explicitly raise discrimination claims, she discussed her race and her termination numerous times throughout the complaint.

Notably, Plaintiff's operative complaint in the instant case references the ERCA and the HR employees' conduct that was the subject of the State Court Action. (Doc. # 46 at 6–7.) In this case, Plaintiff frames the HR employees' allegedly wrongful conduct as part of the foundation for her discrimination claims against Granicus. For example, Plaintiff indicates that the HR employees' actions were "accepted, tolerated, even condoned from the all members of the Executive Team, whom [sic] similarly are all Caucasian," and Granicus "has yet to hold these non-African-American employees accountable for their egregious failure(s) . . . ." (*Id.* at 7.)

On August 5, 2018, the state court issued an order granting the defendants' motion to dismiss as to all of Plaintiff's claims. (Doc. # 20-4 at 6.) Plaintiff initiated this case on August 31, 2018. (Doc. # 1.)

## II. LEGAL STANDARDS

### A. REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

### B. *PRO SE* PLAINTIFF

Plaintiff proceeds *pro se*. The Court, therefore, reviews her pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110

4

(10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); see also *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. See *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**C.    FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible** on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### III.   DISCUSSION

All of Plaintiff's claims in this case are barred by the doctrine of claim preclusion. "Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim

raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Thus, the doctrine "prevent[s] a party from litigating a legal claim that **was or could have been** the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (emphasis added). "The principle underlying the rule . . . is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (citation omitted).

In determining the preclusive effect of a state court judgment, federal courts "must . . . ascertain what preclusive effect [Colorado] would give its own decision [in the earlier action] before [courts] may know what effect it should be given in the federal court.'" *Id*. at 1275 (quoting *Fox v. Maulding*, 112 F.3d 453, 456 (10th Cir. 1997)); *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 373 (1996). Pursuant to Colorado law,

> claim preclusion bars a claim in a current proceeding if four elements are met: (1) "the judgment in the prior proceeding was final"; (2) "the prior and current proceeding involved identical subject matter"; (3) "the prior and current proceeding involved identical claims for relief"; and (4) "the parties to both proceedings were identical or in privity with one another."

*Foster v. Plock*, 2017 CO 39, ¶ 12 (quoting *Meridian Serv. Metro. Dist. v. Ground Water Comm'n*, 2015 CO 64, ¶ 36).

In the instant case, it is undisputed that the state court judgment was final. Therefore, the Court turns to the second through fourth elements—i.e., whether the prior and current proceeding involve the same subject matter and claims, and whether the parties to both proceedings are identical or in privity with one another.

7

**A. BOTH PROCEEDINGS INVOLVE THE SAME SUBJECT MATTER & CLAIMS**

    1.    <u>Identity of Subject Matter</u>

The Colorado Supreme Court has held that "[t]he best and most accurate test as to whether a former judgment is a bar in subsequent proceedings . . . is whether the same evidence would sustain both, and if it would the two actions are the same, and this is true, although the two actions are different in form." *Foster*, 2017 CO 39, ¶ 28 (quoting *Farmers High Line Canal & Reservoir Co. v. City of Golden*, 975 P.2d 189, 203 (Colo. 1999)). Accordingly, "identity of subject matter can be evaluated by determining whether the same evidence would be used to prove the claims, even if the actions are different." *Id*. (citations omitted).

    Plaintiff's claims in the instant case involve the same subject matter as her claims in the State Court Action. Both cases generally relate to Plaintiff's employment at Granicus and her ultimate termination. Additionally, the same evidence would be used to prove Plaintiff's claims in both cases. For instance, in the State Court Action, Plaintiff alleged that Granicus and its employees engaged in "outrageous conduct" with respect to the execution of the ERCA, which "caused great harm to the emotional wellbeing of the plaintiff." (Doc. # 20-3 at 11.) Plaintiff noted that the defendants in the State Court Action "are non-African-American and . . . are still employed," which implied that her alleged harm was based on her race. (*Id.*) The same circumstantial evidence of allegedly discriminatory conduct would be used to prove Plaintiff's claims in the instant case. *See, e.g.*, *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015) ("A plaintiff can prove intentional discrimination through either direct evidence or

circumstantial evidence that creates an inference of intentional discrimination." (quoting *Riser v. QEP Energy*, 776 F.3d 1191, 1199 (10th Cir. 2015))). Therefore, the instant case and the State Court Action involve the same subject matter and a common nucleus of operative facts.

2. <u>Identity of Claims</u>

In order for claims to be the same for purposes of claim preclusion, "the claim at issue in the second proceeding [must be] the same claim that was (or could have been) brought in the first proceeding." *Foster*, 2017 CO 39, ¶ 29. Courts "disregard the form of the action and instead look at the actual injury underlying the first proceeding." *Id*. (citing *Meridian*, 2015 CO 64, ¶ 36). "Claims are tied by the same injury where they concern 'all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Id*. (quoting *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 609 (Colo. 2005)).

To determine whether claims concern the same transaction, courts consider "whether the underlying facts 'are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations.'" *Id*. (quoting *Salazar v. State Farm Mut. Auto. Ins*. Co., 148 P.3d 278, 281 (Colo. App. 2006)). "Claims arise out of the same transaction when they 'seek redress for **essentially the same basic wrong, and rest on the same or a substantially similar factual basis**.'" *Id*. (emphasis added) (quoting *Loveland Essential Grp., LLC v. Grommon Farms, Inc.*, 2012 COA 22, ¶ 56); *accord Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) ("This circuit embraces the

9

transactional approach to the definition of 'cause of action.' Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." (footnote and citation omitted)).

The State Court Action and the instant case involve Plaintiff's employment at Granicus, and the alleged harm that she experienced while she was working there. "[A]ll claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." *Wilkes v. Wyoming Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2002) (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000)). Therefore, because the State Court Action and the instant case are both predicated on Plaintiff's employment relationship with Granicus, the cases relate to the same claim. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992) (holding plaintiff's second suit was barred by claim preclusion because "the 'claims' in each case were predicated on [plaintiff's] employment").

The undisputed facts in the record demonstrate that Plaintiff could have raised all of her claims in the State Court Action. That conclusion is underscored by the fact that Plaintiff received notice of her right to sue from the EEOC before she sued Granicus in state court, and Plaintiff's EEOC proceeding was premised on her allegations that she had been discriminated against while she was working for Granicus. "Notably, [claim preclusion] not only bars litigation of issues actually decided, but also any issues that could have been raised in the first proceeding but were not." *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo. 1999) (citations omitted).

## B. THE PARTIES IN BOTH PROCEEDINGS ARE IDENTICAL OR IN PRIVITY

Granicus was a defendant in the State Court Action. The remaining Defendants in this case are in privity with Granicus for purposes of claim preclusion.[1] "The concept of 'privity' embodies broad equitable principles," and courts have held that "[a] finding of privity is simply a conclusion that something in the relationship of party and non-party justifies holding the latter to the result reached in litigation in which only the former is named." *Foster*, 2017 CO 39, ¶ 24 (quoting *Pub. Serv. Co. of Colo. v. Osmose Wood Preserving, Inc.*, 813 P.2d 785, 788 (Colo. App. 1991)); *accord Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1240 (10th Cir. 2017) ("'privity' often is used simply 'to express the conclusion that nonparty preclusion is appropriate on any ground.'" (quoting *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008))).

More specifically, "[p]rivity between a party and a non-party requires both a 'substantial identity of interests' and a 'working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation.'" *Id*. (quoting *S.O.V. v. People in Interest of M.C.*, 914 P.2d 355, 360 (Colo. 1996)); *accord Pelt*, 539 F.3d at 1281 (quoting *Lowell Staats Min. Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1275 (10th Cir. 1989)) ("Privity requires, at a minimum, a substantial identity

---

[1] In his first Recommendation, Magistrate Judge Neureiter indicated that "at this early state of the litigation, Defendants Richey and Brownard cannot be said, as a matter law, to be in privity with Granicus, as required for the identity of parties element of a claim preclusion defense." (Doc. # 30 at 12.) However, there are sufficient materials in the record to resolve the issue of whether Plaintiff's claims against the individual Defendants are barred by the doctrine of claim preclusion without converting Defendants' Motion to Dismiss to a motion for summary judgment. *See Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (noting that it "is unremarkable that courts frequently take judicial notice of prior judicial acts found in records and files when evaluating the merits of a purported claim-preclusion defense" without converting a motion to dismiss to a motion for summary judgment).

between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same."). In the context of relationships between employees and their employers, "most [federal] circuits [agree] 'that employer-employee or principal-agent relationships may ground a claim preclusion defense, regardless which party to the relationship was first sued.'" *Sealey v. Branch Banking & Tr. Co.*, 693 F. App'x 830, 835 (11th Cir. 2017) (quoting *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1502 (11th Cir. 1990) (collecting cases)).

In the instant case, the individual Defendants are Granicus employees. In addition, Plaintiff's allegations relate to conduct that was within the scope of each individual Defendant's employment. For example, Plaintiff alleges "that By [sic] and through [Defendant] Richey's failure to manage and instruct the Plaintiff, the Plaintiff was forced to endure many employees within the company, attempting to tell the Plaintiff her duties . . . ." (Doc. # 42 at 8.) Thus, Plaintiff's allegations pertain to the individual Defendant's acts or omissions as employees.

Importantly, an employee may be in privity with her employer if she is acting within the scope of the parties' employment relationship. *Krepps v. Reiner*, 377 F. App'x 65, 68 (2d Cir. 2010) (relationship of vicarious liability justified finding that employer and employee were in privity because employee was acting within the scope of his employment during relevant events (citing Restatement (Second) of Judgments § 51 & cmt. b)). Consequently, the nature of the relationship between the individual Defendants and their employer is sufficient to warrant a determination that the parties are in privity.

Moreover, in the State Court Action, Granicus had a substantial interest in protecting itself from being vicariously liable for the allegedly wrongful conduct of its employees, and it has the same incentive in this case. The allegedly wrongful conduct at issue in the State Court Action was based on the same transactional nucleus of operative facts that exist in this case. The only difference between the cases is the identity of the individual employees. Therefore, there is a substantial identity of interests among the Defendants because they all have an interest in a judgment against Plaintiff regarding the merits of her allegations. *See Foster*, 2017 CO 39, ¶ 25 (finding two parties had substantial identity of interests "because both parties had an interest in a judgment that" reached the same conclusion).

Additionally, Granicus adequately protected the interests of the individual Defendants in the instant case by litigating on its employees' behalf in the State Court Action and securing a judgment based on Plaintiff's failure to state a claim. *See id*. (non-party's interest is protected when the actual party's defense "paralleled a defense that [the non-party] would have made had he been named in the first action."). As a result, the individual Defendants are in privity with Granicus for purposes of claim preclusion. *See, e.g.*, *Mambo v. Vehar*, 185 F. App'x 763, 765 (10th Cir. 2006) (affirming district court's determination that plaintiff's manager and employer were in privity in employment discrimination case when plaintiff sued employer in first case, then sued the employer and manager in second case).

In summary, the State Court Action involved the same subject matter and the same claims that are at issue in this case. The State Court Action resulted in a final

judgment in favor of the defendants, and Defendants in this case are identical to, or in privity with, the defendants in the State Court Action. Therefore, Plaintiff's claims are barred by the doctrine of claim preclusion.

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- The Recommendation of United States Magistrate Judge (Doc. # 56) is AFFIRMED IN PART and REJECTED IN PART. It is **affirmed** as to its determination that Plaintiff's claims against Granicus are barred by the doctrine of claim preclusion. The remaining recommendations are **rejected** as moot.

- Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 48) is GRANTED.

- Plaintiff's claims against Defendants are DISMISSED WITH PREJUDICE. *See E.M.M. v. Douglas Cty., Colorado*, No. 18-cv-02616-RBJ, 2019 WL 4736457, at *9 (D. Colo. Sept. 27, 2019) (dismissing claims barred by claim preclusion with prejudice).

DATED: March 26, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge